UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDRE BAKER, individually and on behalf of all others similarly situated, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Action No.: 4:20-cv-219 |
| KODAKO INC., TOBIASKO, INC., KOFRISKO, LLC, and SANGMIN KANG | * * * * | |
| Defendants. | * * * | |

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
UNOPPOSED MOTION TO APPROVE SETTLEMENT**

*MAY IT PLEASE THE COURT:*

The Named Plaintiff, Andre Baker, through undersigned Plaintiff Counsel, individually, and on behalf of all other similarly situated individuals who have opted in to this litigation (hereinafter collectively referred to as "Plaintiffs"), submit this Unopposed Motion to Approve FLSA Settlement. The Parties have resolved the claims in this matter in their entirety and the Named Plaintiff respectfully requests that the Court approve the Settlement Agreement under the Fair Labor Standards Act ("FLSA"), which is attached as Exhibit "1" to this Motion.

I.

**PROCEDURAL HISTORY**

The Named Plaintiff, Andre Baker, was employed by Defendants as a baker, delivery driver and cashier. Named Plaintiff filed his original Complaint on March 17, 2021 (Dkt. 1) seeking collective action status pursuant to 29 U.S.C. §216(b). Named Plaintiff claimed that he and all similarly situated bakers, delivery drivers, cashiers, cooks and kitchen prep workers were

FLSA non-exempt and eligible for overtime but were not paid overtime for hours worked over forty in a workweek. Named Plaintiff further alleged that, although three companies existed, they were operated as a single enterprise for application of the FLSA. Named Plaintiff's Complaint requested unpaid overtime, liquidated damages, and attorneys' fees under the FLSA.

On September 10, 2020, the Parties entered into a stipulation for conditional certification. (Dkt. 21). On September 15, 2020, the Court approved the stipulation and ordered notice to the collective pursuant to 29 U.S.C. §216(b). (Dkt. 23). Six (6) workers completed opt-in forms which were filed with the Court. (Dkt. 24-29).

Defendants produced payroll records for all Plaintiffs; however, Defendants did not track actual hours worked. Thus, in light of the lack of records, the Parties used estimated weekly hours based on the testimony of Plaintiffs to calculate the amount of unpaid overtime and liquidated damages owed to each Plaintiff. (Declaration of Scott Brady, attached as Exhibit "2," at ¶¶ 15-17).

II.

## SETTLEMENT NEGOTIATIONS

After review of the documentation and information produced by Defendants, Plaintiff Counsel proposed a settlement to Defendants that consisted of full unpaid overtime, liquidated damages, attorneys' fees and costs. The Parties participated in detailed discussions regarding Defendants' payroll practices and Plaintiff's unpaid overtime on several occasions. The Parties arrived at a settlement after some negotiation, which Plaintiff Counsel and the Named Plaintiff submit is fair and reasonable and provides significant compensation to Plaintiffs in light of the evidence. (Exhibit "2").

A.      <u>The Terms and Conditions of the Settlement</u>

The details of the Settlement are contained in the Settlement Agreement, which is attached hereto as Exhibit "1." The Parties agreed to a settlement that totals Thirty-Five Thousand Seven Hundred Three Dollars and 84/100 ($35,703.84). This amount provides for full payment of Plaintiffs' unpaid overtime wages for a three (3) year period ($14,309.08), liquidated damages ($7,154.54), attorneys' fees ($13,575.00), and reimbursement of litigation costs ($665.22). Due to Defendants' current financial conditions, the Parties have agreed to permit Defendants to pay an initial $11,703.84 payment thirty (30) days after entry of a judgment approving the Settlement, and thereafter, four (4) quarterly payments of $6,000.00. The individual settlement amounts are set forth in Exhibit "B" to the Settlement Agreement.

III.

**THE COURT SHOULD APPROVE THE FLSA SETTLEMENT**

A.      <u>The Standard for Approval</u>

An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The exceptions are (1) that the Secretary of Labor can supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the court for approval. 29 U.S.C. §215(b); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).[1]

In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that (1) the settlement

---

[1] The Fifth Circuit has found that under some circumstances, private FLSA settlements can bind parties even without court or Department of Labor approval. *See, Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 795, 184 L.Ed.2d 583 (U.S. 2012), (citations omitted).

involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable. *Diaz v. Panhandle Maint., LLC*, 2020 U.S. Dist. LEXIS 21482, *5 (N.D. Tex. Feb. 6, 2020) *citing Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008) (to approve a private FLSA settlement, the court must find that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."); *Altier v. Worley Catastrophe Response, LLC*, Civ. A 11-241, 2012 WL 161824 (E.D. La. Jan. 18, 2012), *citing Lynn's Food Stores*. The primary focus of the Court's inquiry in determining whether to approve the settlement of a FLSA collective action is not, as it would be for a Rule 23 class action, on due process concerns, but rather on ensuring that an employer does not take advantage of its employees in settling their claim for wages. *Id.* In general, settlement is the preferred means of resolving litigation. *Williams v. First Nat'l Bank*, 216 U.S. 582 (1910); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984). In considering approval of a settlement between parties, the Court must keep in mind the "strong presumption" in favor of finding a settlement fair. *Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004), citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). The Court and the parties should remain aware that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution. *Id.*, citing *In Re: General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.* 55 F.3d 768, 806 (3rd Cir. 1995).

B.     There Is a Bona Fide Dispute Between the Parties

In order to determine whether there is a bona fide dispute over FLSA provisions, the Court must ensure that the parties are not, via settlement of the Plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime. *Collins*, 568 F.Supp.2d at 719, citing 29 U.S.C. §§206, 207. If no question exists that the plaintiffs are entitled under the statute to the compensation they seek (and therefore

to liquidated damages, as well), then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements. Without a bona fide dispute, no settlement could be fair and reasonable. Thus, some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims. *Id*. at 719-20. "[D]isagreements over 'hours worked or compensation due' clearly establishes a bona fide dispute. The institution of a federal court litigation followed [by] aggressive prosecution and strenuous defense demonstrates the palpable bona fides of this dispute." *Altier*, 2012 WL 161824 at *14 (citations omitted).

Here, Plaintiffs alleged that they worked over forty (40) hours in a workweek and did not receive overtime pay. Defendants disputed all aspects of Plaintiffs' claims and allegations. Defendants asserted numerous affirmative defenses (Dkt. 11, pp 6-8) including:

- The claims were barred by the exemptions, exclusions, exceptions and credits provided for in 29 U.S.C. §207 and §213;

- The claims were barred by the two-year statute of limitations set forth in 29 U.S.C. §255;

- Defendants complied with all applicable state and federal laws;

- Defendants' payroll practices were in good faith and based upon a reasonable belief that it was not in violation of the FLSA;

- Plaintiffs were not entitled to liquidated damages as Defendant at all times acted in good faith;

- Plaintiffs' work time was *de minimis*;

- Plaintiffs failed to mitigate their damages;

- Plaintiffs were not similarly situated and, accordingly, a collective action could not be brought or maintained.

5

Furthermore, Defendants denied that they operated as a single enterprise in an attempt to circumvent the FLSA. Defendants argued that they were separate and distinct and thus, Plaintiffs were properly paid by each entity. Defendants also argued that Plaintiffs did not work all hours claimed.

Accordingly, prior to the settlement, a bona fide dispute existed between the parties.

C.  This Settlement Agreement is Fair and Reasonable

A district court has significant discretion to fashion the appropriate procedures in collective actions brought under §216(b). *Collins*, 568 F.Supp.2d at 721. In *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Supreme Court settled a long-standing circuit split over whether district courts could authorize or facilitate notice of a pending action under §216(b) to other potential class members on whose behalf the collective action had been brought. In that context, the Court held that §216(b) "must grant the [district] court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to the statutory commands of the Federal Rules of Civil Procedure." *Id.* at 170. No reason exists to conclude that similar discretion does not lie to fashion the appropriate procedures and standards for approving settlement of actions brought under §216(b). *Collins*, 568 F.Supp.2d at 721.

Although the provisions of Fed. R. Civ. P. 23, which governs class actions, do not apply to collective actions under the FLSA, Rule 23(3) is similar in that it requires court approval before a proposed class action settlement may be finalized. *Altier*, 2012 WL 161824 at *14. A class action settlement must be "fair, adequate and reasonable" and cannot be the product of collusion between the parties. *In Re: Beef Indus. Antitrust Litig.*, 607 F.2d 167, 179 (5th Cir. 1976); *Ruiz v. McKaskle*, 724 F.2d 1149, 1152 (5th Cir. 1984); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

Thus, the Rule 23(3) standard encompasses the "fair and reasonable" settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA action on the issue of whether the settlement is "fair and reasonable." *Altier*, 2012 WL 161824 at *14, citing *Liger v. New Orleans Hornets NBA Ltd. P'ship*, 2009 WL 2856246 (E.D. La. Aug. 28, 2009); *Daniels v. Prod. Mgmt. Indus., LLC*, 2018 U.S. Dist. LEXIS 76933 (W.D. La., April 20, 2018).

In determining whether a settlement is fair, adequate and reasonable, the court should consider the following six factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.

*Reed v. Gen. Motors Corp.*, 703 F.2d 170, 712 (5th Cir. 1983) citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982); *Lopez v. STS Consulting Servs.*, 2018 U.S. Dist. LEXIS 40977, *4 (E.D. Tex. Feb. 6, 2018); *Vassallo v. Goodman Networks, Inc.*, 2016 U.S. Dist. LEXIS 142379, *4 (E.D. Tex. Oct. 13, 2016). Applying each of those factors to this settlement establishes that it is fair and reasonable.

        1.    <u>There Has Been No Fraud or Collusion</u>

The Court may presume that a proposed settlement is fair and reasonable when it is the result of arm's length negotiations. *Hallen v. Belk, Inc.*, 2018 U.S. Dist. LEXIS 214015, *4 (E.D. Tex. Dec. 20, 2018); *Altier*, 2012 WL 161824 at *15, citing 4 *Newberg on Class Actions* §11.41 (4th Ed.); *Liger*, 2009 WL 2856246 at *3; *Collins*, 568 F.Supp.2d at 725.

In the instant case, no evidence refutes these presumptions. On the contrary, the evidence establishes that the Parties engaged in extensive and vigorous litigation and settlement negotiations that led to the Settlement Agreement. (Exhibit "2," ¶¶ 18-21). All of Plaintiffs' payroll records were produced and reviewed. (Exhibit "2," ¶¶ 15-17). Counsel for both sides are experienced in complex litigation, including FLSA cases, and they have demonstrated this experience and their familiarity with the facts and legal issues throughout these proceedings. (Exhibit "2," ¶¶ 2-9). The Settlement Agreement treats all Plaintiffs fairly – in fact, the same. Benefits are allocated based on the estimated overtime and liquidated damages owed to each Plaintiff which was gleaned from the payroll records and reported by each Plaintiff. (Exhibit "2," ¶¶ 15-17). Attorneys' fees and costs are paid directly by Defendants, in addition to unpaid overtime and liquidated damages. In short, the settlement achieves significant compensation under the FLSA. The Settlement Agreement is the result of arm's length negotiations and there is no evidence of fraud or collusion. The proposed settlement is consequently fair and reasonable.

> 2. This Litigation Would Be Complex, Expensive and Lengthy, and Sufficient Discovery Has Been Completed

These two factors are related, *see Altier*, 2012 WL 161824 at *2, and weigh heavily in favor of finding that settlement is fair and reasonable. The Settlement Agreement provides a fair and reasonable recovery now, without suffering the delay and risk of litigating the claims. In this matter, further litigation, including appeals, could drag on for years and require the expenditure of a tremendous amount of resources. Fees and costs would continue to increase. "When the prospect of ongoing litigation threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened." *Hallen*, 2018 U.S. Dist. LEXIS 214015, *5 quoting *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 651 (N.D. Tex. 2010) *quoting Ayers v. Thompson*, 358 F.3d 356, 373 (5th Cir. 2004).

Further, to prove the claims with certainty, additional discovery regarding liability, defenses, and damages would be necessary. Discovery has only been partially completed, and it is clear that full completion of discovery would be painstaking and complex, with the Parties having to engage in extensive analysis of the documents and having to take numerous depositions on issues such as the number of overtime hours each Plaintiff worked and whether the Plaintiffs were paid for some or all of the hours at issue. The interplay of the three companies would also have to be explored.

As a result of the discovery completed thus far, the Parties have sufficient information upon which to assess the potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial. (Exhibit "2," ¶¶ 18-21). In short, the settlement is fair because it provides Plaintiffs with a reasonable recovery now, based on the Parties' evaluation of the case, avoiding the risk, expense, and delay of litigation, which compensates them significantly for uncompensated overtime and liquidated damages.

3. <u>Plaintiffs Are Not Guaranteed Success on the Merits</u>

When examining the fairness of a proposed settlement, the court should not engage in a trial on the merits because the very purpose of the compromise is to avoid the delay and expense of a trial. *Altier*, 2012 WL 161824 at *17. However, the court must analyze the law and facts to some extent to examine the probability of the plaintiffs' success on the merits. *Id.* Here, Plaintiffs allege that they regularly worked off-the-clock and did not receive overtime.

Defendants contend that they are not liable and asserted numerous affirmative defenses. (Dkt. 6). Even if Plaintiffs could establish liability, Defendants argue no liquidated damages and a two-year statute of limitations. While Plaintiffs believe their claims are strong, they recognize

9

that they have the burden of proving both liability and damages at trial, that Defendants have legitimate arguments, and that there is a risk inherent in this litigation.

Thus, in resolving the case, the Parties considered the various risks associated with their respective positions on each issue, including the time value of money and attorneys' fees and costs. Both Parties eliminated significant litigation risks by resolving the case now.

### 4. The Settlement is Reasonable and Within the Range of Possible Recovery

During settlement negotiations, the Parties recognized there was a broad range of potential recovery based on disputed facts and law. For example, Defendants alleged that some or all of the claimed overtime hours were not actually worked or that company policy prohibited unauthorized overtime and the Defendants had no knowledge that these overtime hours were actually worked, thus rendering these overtime hours non-compensable. Defendant further argued that the three companies were not intertwined and thus, should not be considered a single entity for calculating owed overtime wages.

The Settlement Agreement provides an accurate determination of individual damages and avoids the time-consuming exercise of determining exact individual damages through testimony and documents. The settlement also encompasses a third year, despite the FLSA's two-year statute of limitations, plus liquidated damages. The settlement is clearly within the range of recoveries that were possible and weighs in favor of approval of the Settlement Agreement.

### 5. Plaintiff Counsel and Named Plaintiff Approve the Settlement

Plaintiff Counsel is experienced in class action and wage and hour litigation, and had sufficient information to evaluate, negotiate and make well informed judgments about the adequacy of this Settlement. (Exhibit "2," ¶¶ 16-20).

The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Cunningham v. Kitchen Collection, LLC*, 2019 U.S. Dist. LEXIS 111212, *7 (E.D. Tex. July 3, 2019); *Collins*, 568 F.Supp.2d at 727. Plaintiff Counsel has worked in good faith to secure a good settlement, which provides prompt and reasonable relief to all Plaintiffs, based on what was learned through discovery and taking into account the uncertainty and risks involved in litigation of the claims in light of the strength of the claims and possible defenses. *See, id.*

Andre Baker, the Named Plaintiff, has agreed to all the terms of the settlement and has signed the Settlement Agreement confirming his endorsement of the Settlement and all its terms. Further, Plaintiff Counsel has spoken to each Plaintiff about the details of the Settlement Agreement, including the Released Wage and Hour Claims, and their individual allocations. All Plaintiffs have agreed to the terms of the Settlement.

D.      The Attorneys' Fees Are Reasonable and Uncontested

Plaintiff Counsel respectfully submits that the requested fee of $13,575.00 is fair and reasonable both in terms of the result achieved and the risks involved in litigating this claim. In defining a reasonable fee, the Court should recognize the fact that Plaintiff Counsel undertook this matter as a contingent fee case, that the Named Plaintiff retained Plaintiff Counsel on a contingent basis, and that Plaintiffs have received a fair and reasonable early resolution of this matter.

The lodestar basis for determining whether fees are reasonable is the favored method in the 5th Circuit. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3dr 795 (5th Cir. May 5, 2006) ("Under the Fair Labor Standards Act, the District Court may award reasonable attorney's fees to the prevailing party. Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work, we use the lodestar method to calculate an

approximate attorney's fee award under the FLSA.")  The "lodestar" method is used to calculate attorneys' fees for purposes of fee awards.  *See*, *Tollett v. City of Kemah,* 285 F.3d 357, 367-68 (5th Cir. 2002); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3dr 795 (5th Cir. May 5, 2006) ("Under the Fair Labor Standards Act, the District Court may award reasonable attorney's fees to the prevailing party.  Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work, we use the lodestar method to calculate an approximate attorney's fee award under the FLSA.")  In calculating a lodestar, the number of hours reasonably expended by the attorneys are multiplied by an appropriate hourly rate in the community for such work.  *See*, *Singer v. City of Waco,* 324 F.3d 813, 829 (5th Cir. 2003).

After calculating the lodestar, the Court may either: (1) accept the lodestar figure; or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors.  *See*, *La. Power & Light So. v. Kellstrom,* 50 F.3d 319, 329 (5th Cir. 1995), referring to *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)[2].  However, the lodestar is presumed to be reasonable and should only be modified in exceptional cases.

Plaintiff Counsel's itemization of time and work as of January 20, 2021 is attached as Exhibit "D" to Exhibit "2" hereto.  The requested fee does not include any work to be performed by Plaintiff Counsel in the future for administering the settlement.

Plaintiff Counsel's total lodestar is $18,902.96 as of January 20, 2021.  The requested fee of $13,575.00 is less than Plaintiff Counsel's lodestar, without a multiplier.  Plaintiff Counsel is

---

[2] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases.  448 F.2d at 717-19.

willing to accept the lesser amount, which is a reduction of $5,327.96 from its lodestar of $18,902.96 as payment in full of all attorneys' fees. Plaintiff Counsel respectfully submits this fee request is fair and reasonable and should be approved.

Plaintiff Counsel's experience and reputation also supports the fee is fair and reasonable. Scott Brady of Bohrer Brady LLC, has over 23 years of legal experience. His hourly rate is $400. He graduated from Southern University Law Center and has been licensed to practice law in the State of Louisiana since 1998. He is a member in good standing of the bars the following courts: United States Court of Appeals for the Fifth Circuit, United States Court of Appeals for the Sixth Circuit, United States Court of Appeals for the Eleventh Circuit, District of New Mexico, Western District of Arkansas, Eastern District of Arkansas, District of Colorado, Eastern District of Louisiana, Western District of Louisiana, Middle District of Louisiana, Eastern District of Michigan, District of North Dakota, Eastern District of Texas, Southern District of Texas, Northern District of Texas, Western District of Texas, Northern District of Indiana, Western District of Oklahoma, and Western District of Tennessee. He is a member of the National Employment Lawyers Association. Since his admission to the practice of law, he has handled or participated in numerous lawsuits involving the non-payment or underpayment of overtime wages and other complex litigation involving both class actions and mass torts. (Exhibit "2," Ex. A).

Philip Bohrer of Bohrer Brady LLC, has over 36 years of legal experience. His hourly rate is $450. He graduated from Louisiana State University Law Center and has been licensed to practice law in the State of Louisiana since 1984 and Texas since 1995. He is a member in good standing of the bars the following courts: United States Supreme Court, United States Second Circuit Court of Appeals, United States Fourth Circuit Court of Appeals, United States Court of Appeals for the Fifth Circuit, United States Court of Appeals for the Sixth Circuit, United States

Court of Appeals for the Nineth Circuit, District of New Mexico, Western District of Arkansas, Eastern District of Arkansas, District of Colorado, Eastern District of Louisiana, Western District of Louisiana, Middle District of Louisiana, Eastern District of Michigan, District of North Dakota, Southern District of Illinois, Eastern District of Texas, Southern District of Texas, Northern District of Texas, Western District of Texas, Northern District of Indiana, Western District of Oklahoma, and Western District of Tennessee.  He is a member of the National Employment Lawyers Association.  Since his admission to the practice of law, he has handled or participated in numerous lawsuits involving the non-payment or underpayment of overtime wages and other complex litigation involving both class actions and mass torts.  (Exhibit "2," Ex. B).

Accordingly, Plaintiff respectfully requests the Court to grant the approval of the Settlement Agreement including the attorneys' fees requested.

E.   Costs

In accordance with the terms of the Settlement Agreement, Plaintiff Counsel seeks reimbursement of $665.22 in out-of-pocket costs. (Exhibit "2", ¶35).  These costs, are fair, reasonable and necessary for the conclusion of this litigation and, as such, should be approved.

                Respectfully submitted:

                BOHRER BRADY, LLC
                8712 Jefferson Highway, Suite B
                Baton Rouge, Louisiana  70809
                Telephone: (225) 925-5297
                Facsimile: (225) 231-7000

                By: /s/ *Scott E. Brady*
                    Scott E. Brady
                    phil@bohrerbrady.com
                    Scott E. Brady
                    scott@bohrerbrady.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 29, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case. Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

                 /s/ *Scott E. Brady*