UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDRE BAKER, individually and on behalf of all others similarly situated, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Action No.: 4:20-cv-219 |
| KODAKO INC., TOBIASKO, INC., KOFRISKO, LLC, and SANGMIN KANG | * * * * | |
| Defendants. | * * | |

### SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between the Named Plaintiff, Andre Baker, individually and on behalf of all Opt-in Plaintiffs, Kira Boyle, Lisa Valencia, Andrew Womack, Blake Cash, Ron Scott and Asia Taylor, and Defendants, Kodako Inc., Tobiasko, Inc., Kofrisko, LLC, and Sangmin Kang, (collectively referred to as the "Settling Parties."). The Settling Parties intend for this Settlement to fully, finally, and forever resolve, discharge, and settle the Litigation and any claims that were asserted in the Ltigation or that could have been asserted in the Lawsuit for allegedly unpaid overtime wages and liquidated damages under the Fair Labor Standards Act (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq.* and any and all applicable state laws, upon and subject to the terms and conditions set forth in this Settlement Agreement.

**I.    THE CONDITIONAL NATURE OF THIS SETTLEMENT**

This Settlement is made for the sole purpose of settling the Litigation. This Settlement is made in compromise of bona fide and disputed claims. Because the Litigation was pled and conditionally certified as a collective action under the Fair Labor Standards Act ("FLSA"), 29



U.S.C. §§ 201, *et seq.*, the Settling Parties are seeking Court approval of this Settlement. In the event the Court does not approve the Settlement and enter a Final Judgment in the Litigation for any reason, this Settlement (except for those provisions relating to non-admissibility and non-admission of liability as set forth below) shall be deemed null and void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or utilized by any Settling Party for any purpose whatsoever. Further, the negotiation, terms, and entry of this Settlement shall remain subject to the provisions of Federal Rule of Evidence 408, and any other analogous rules of evidence that are applicable.

In the event the Court does not approve the Settlement and enter a Final Judgment, Defendants reserve (and do not waive) the right to assert any and all procedural or substantive defenses in the Litigation that were previously available to them prior to entering into this Settlement Agreement (including, without limitation, the ability to challenge collective action certification on any grounds, including, as applicable, through a motion to decertify the collective action, to seek dismissal of claims and Plaintiffs and/or opt-ins, and to raise affirmative defenses).

Similarly, in the event that the Court does not approve the Settlement and enter a Final Judgment, the Named Plaintiff and Opt-in Plaintiffs do not waive (and instead expressly reserve) all rights to prosecute all pending claims and allegations in the Litigation, including, without limitation, by opposing any motion filed by Defendants to decertify the collective action, and/or motions for summary judgment.

## II.   **THE LITIGATION**

Named Plaintiff and Opt-In Plaintiffs were employed by Defendants as bakers, delivery drivers, cooks, cashiers and/or kitchen prep workers. Named Plaintiff filed his original complaint on March 17, 2020. (Dkt. 1). Named Plaintiff's original Complaint sought collective action status

pursuant to 29 U.S.C. §216(b). Named Plaintiff claimed that all similarly situated employees were improperly classified as exempt from the overtime requirements of the FLSA and, like him, were not paid overtime. Named Plaintiff requested unpaid overtime, liquidated damages, and attorneys' fees under the FLSA.

On September 10, 2020, the Parties entered into a stipulation for conditional certification. (Dkt. 21). On September 15, 2020, the Court approved the stipulation and ordered notice to the collective pursuant to 29 U.S.C. §216(b). (Dkt. 23). Six (6) workers completed opt-in forms which were filed with the Court. (Dkt. 24-29).

### III. DEFENDANTS' DENIAL OF WRONGDOING OR LIABILITY

Defendants specifically and generally deny all of the claims asserted in the Litigation and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Litigation, and make no concession or admission of wrongdoing or liability of any kind whatsoever. Defendants maintain that Plaintiffs and Opt-in Plaintiffs were and always have been compensated in compliance with the FLSA and all state and federal law, and that, for any purpose other than settlement, the Litigation is not suitable or appropriate for collective action treatment pursuant to 29 U.S.C. §216(b).

Nonetheless, Defendants have concluded that the further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. In reaching this conclusion, Defendants have also taken into account the uncertainty and risks inherent in any litigation. Defendants have, therefore, determined that it is desirable to settle the Litigation in the manner and upon the terms and conditions set forth in this Settlement Agreement.

### IV. CLAIMS OF NAMED PLAINTIFF AND OPT-IN PLAINTIFFS AND BENEFITS

## OF SETTLEMENT

The Named Plaintiff, Opt-in Plaintiffs and Plaintiff's Counsel maintain that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims. However, the Named Plaintiff, Opt-in Plaintiffs and Plaintiff's Counsel recognize and acknowledge the expense and length of time associated with the need to prosecute the Litigation through trial and through appeals. The Named Plaintiff, Opt-in Plaintiffs, and Plaintiff's Counsel have also taken into account the uncertain outcome and the risk associated with any litigation, Defendants' ability to pay based on its current financial situation and the possibility of decertification. Named Plaintiff, Opt-in Plaintiffs, and Plaintiff's Counsel have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and in the best interests of the Named Plaintiff and Opt-in Plaintiffs.

## V.     TERMS OF SETTLEMENT AGREEMENT

It is agreed by and between the Settling Parties that the Litigation and the Released Wage and Hour Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Settling Parties.

### 1.     Definitions

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1     "Plaintiff's Counsel" means the law firm of Bohrer Brady, LLC and attorneys, Philip Bohrer and Scott E. Brady.

1.2     "Court" means the United States District Court for the Eastern District of Texas, Sherman Division.

1.3     "Defendants" mean Kodako Inc., Tobiasko, Inc., Kofrisko, LLC, and Sangmin Kang.

1.4     "Defendant Releasees" means Kodako Inc., Tosiasko, Inc., Kofrisko, LLC, and Sangmin Kang, and its current, former, and future owners, parents, subsidiaries, affiliates and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of their past or present directors, officers, employees, partners, members, employee benefit plan administrators and fiduciaries, principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities.

1.5     "Final Judgment" means the Order the Court signs approving this Settlement and dismissing the lawsuit with prejudice as to the Named Plaintiff and Opt-In Plaintiffs. The proposed Final Judgment is attached hereto as Exhibit "A."

1.6     "Gross Settlement Amount" means the amount that Defendants shall pay under the terms of this Settlement, which is the gross sum of Thirty-Five Thousand Seven Hundred Fifty-Three Dollars and 84/100 ($35,703.84), and includes within that gross sum, without limitation, all Settlement Payments to the Named Plaintiff and Opt-in Plaintiffs, and Plaintiff's Counsel's attorneys' fees and costs.

1.7     The "Litigation" means "*Andre Baker, et al v. Kodako Inc., et al*, Civil Action No. 4:20-cv-00219, pending in the United States District Court for the Eastern District of Louisiana, Sherman Division.

1.8     "Named Plaintiff" is Andre Baker.

1.9 "Net Settlement Amount" means the Gross Settlement Amount, after deducting attorneys' fees and costs, and before taxes, that the Named Plaintiff and Opt-in Plaintiffs will receive, as set forth in the attached Exhibit "B."

1.10 "Opt-in Plaintiffs" are Kira Boyle, Lisa Valencia, Andrew Womack, Blake Cash, Ron Scott and Asia Taylor.

1.12 "Released Wage and Hour Claims" means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, arising under the FLSA or under any state wage and hour law, whether known or unknown, and whether anticipated or unanticipated, including claims for any type of relief, without limitation, for wages, per diem payments, penalties, liquidated damages, interest, attorneys' fees, litigation costs, or equitable relief, arising out of Defendants' failure to pay Named Plaintiff and Opt-in Plaintiffs as required by the FLSA and any applicable state law.

1.13 "Settlement Agreement" means this document and its exhibits.

1.14 "Settlement" means the terms and conditions contained in the Settlement Agreement.

1.15 "Settlement Payment(s)" means the portion of the Net Settlement Amount allocated to each Named Plaintiff and Opt-in Plaintiff less Withheld Taxes. Each payment is calculated by taking the Net Settlement Amount and reducing it by applicable Withheld Taxes.

1.16 "Settling Parties" means Defendant Releasees and the Named Plaintiff and Opt-in Plaintiffs.

1.17 "Withheld Taxes" means the amount of state and/or federal payroll and other taxes that are owed by Named Plaintiff and Opt-in Plaintiffs that, by law, must be withheld from the Net

Settlement Amount. Defendants shall deduct this amount from the Net Settlement Amount and shall be responsible for payment of this amount to the appropriate taxing authority.

**2.    The Settlement**

In consideration of the promises and agreements contained in this Settlement Agreement, the Settling Parties agree as follows:

2.1. Defendants agree to pay a total of $35,703.84 in full settlement as the Gross Settlement Amount. This amount shall be allocated as follows:

- The Net Settlement Amount of $21,463.62, to be allocated to the Named Plaintiff and each Opt-In Plaintiff in the amounts set forth on the attached Exhibit "B" and with the unpaid overtime portion classified as wages and liquidated damages classified as miscellaneous income;
- Seventy-Five Percent (75%) of the Net Settlement Amount shall be considered as payment of unpaid overtime wages for which an IRS Form W-2 shall be issued by Defendants;
- Twenty-Five Percent (25%) of the Net Settlement Amount shall be considered liquidated damages for which an IRS Form 1099 shall be issued by Defendants; and
- Attorneys' fees of $11,975.00 and costs of $2,265.22 payable to Plaintiff's Counsel.

2.2.   *Taxes*

2.2.1. In accordance with section 2.1 above, Seventy-Five percent (75%) of the portion of the Net Settlement Amount classified as unpaid overtime shall be deemed payment in settlement of claims for unpaid wages and shall be subject to Withheld Taxes, for which a Form W-2 shall be issued by Defendants to Named Plaintiff and Opt-in Plaintiffs. The portion of the

Net Settlement Amount classified as liquidated damages shall be deemed miscellaneous income and, where required by IRS reporting regulations, Defendants shall issue a Form W-9 to the Named Plaintiff and Opt-In Plaintiffs. No tax withholding shall be required by Defendants for these amounts.

2.2.2. Named Plaintiff and Opt-in Plaintiffs shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income tax or other tax or any other withholdings, if any, on the Settlement Payments. Defendants make no representation, and it is understood and agreed that Defendants have made no representation, as to the taxability to Named Plaintiff or Opt-in Plaintiffs of any portion of the Settlement Payments, or the payment of any attorneys' fees and costs to Plaintiff's Counsel. Defendants shall be responsible for deducting employee taxes and all other required deductions from that portion of the Settlement Payment under this Settlement Agreement attributable to unpaid overtime wages. Defendants shall also be responsible for payment of all employer paid taxes, FICA or FUTA owed by an employer on the unpaid overtime/wages portion of the Settlement Payments.

2.3. *Court Approval*

2.3.1. A decision by the Court not to approve this Settlement in its entirety, or a decision by the Court to approve the Settlement with modifications (other than modifications concerning the proposed amount of any attorneys' fees or costs to be paid to Plaintiff's Counsel) that Plaintiff's Counsel, Defendants, and/or Defendants' Counsel determines in their reasonable and good-faith judgment to be material, will be discretionary grounds for the Settling Parties to terminate this Settlement Agreement by providing written notice to the opposing counsel so stating and filing such notice with the Court within ten (10) calendar days of receipt of the Court's decision.

2.3.2. If any deadlines related to this Settlement Agreement cannot be met, Plaintiff's Counsel and Counsel for Defendants shall confer in good faith to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Settlement Agreement. In the event that Plaintiff's Counsel or Defendants' Counsel fail to reach such agreement, either of them may apply to the Court via a noticed motion for modification of the dates and deadlines in this Settlement; provided, however, that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Settlement and no other changes.

2.4. *Paying the Gross Settlement Amount*

2.4.1. Defendants shall pay an initial distribution of $11,703.84, within thirty (30) days after the Final Judgment, as set forth in the Payment Schedule in Exhibit "C."

2.4.2 After the initial distribution, Defendants shall make four (4) quarterly payments of $6,000.00, totaling $24,000.00, in accordance with the Payment Schedule set forth in Exhibit "C."

2.4.3 Defendants shall use its payroll system to issue the Settlement Payments to Named Plaintiff and Opt-in Plaintiffs, which shall be delivered to Plaintiff's Counsel for distribution, in accordance with the Payment Schedule set forth in Exhibit "C."

2.4.4 Defendants shall pay the attorneys' fees and costs, as approved by the Court in the Final Judgment, to Bohrer Brady, LLC, 8712 Jefferson Highway, Suite B, Baton Rouge, Louisiana, in accordance with the Payment Schedule set forth in Exhibit "C."

2.5. *Payments to Named Plaintiff and Opt-In Plaintiffs*

2.5.1. Checks issued to Named Plaintiff and Opt-In Plaintiffs pursuant to this Settlement shall remain negotiable for a period of one hundred and eighty (180) calendar days from the date of mailing, at which point they will become void. In the event that any settlement

checks are returned as non-deliverable, Plaintiff's Counsel will attempt to obtain updated contact information, and will take all reasonable steps to deliver the settlement checks. If Plaintiff's Counsel is unable to deliver the settlement checks to the Named Plaintiff or Opt-in Plaintiff, then the settlement payments allocated to those individuals will be treated as abandoned property under the laws of Texas.

2.6. *Releases*

2.6.1. After entry by the Court of the Final Judgment, and after Defendants' payment of all amounts owed under this Settlement Agreement, the Named Plaintiff and Opt-in Plaintiffs, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Wage and Hour Claims.

2.6.2 Defendants may also include the following language on the back of each check made payable to the Named Plaintiff and Opt-In Plaintiffs which shall also serve as each individual's "Released Wage and Hour Claims:"

> I understand that by cashing or depositing this check, I am releasing any and all Fair Labor Standards Act and state law claims I may have against Kodako Inc., Kofrisko, LLC, Tobiasko, Inc., and Sangmin Kang, as alleged in "*Andre Baker, et al v. Kodako Inc., et al*," Case No. 4:20-cv-00219, United States District Court for the Eastern District of Texas.

2.6.3. This Release shall be binding and final upon Named Plaintiff and Opt-In Plaintiffs, and no claim, be it derivative or otherwise, may ever be made against Defendant Releasees with respect to the matters covered by this Release. Named Plaintiff and Opt-In Plaintiffs further represent and warrant that no promise or condition not herein specifically set forth has been made and that Plaintiffs are fully aware of the terms of this Settlement Agreement.

2.7. *Payment of Attorneys' Fees and Costs*

2.7.1. All attorneys' fees and costs owed to Plaintiff's Counsel shall be obtained from the Gross Settlement Amount. Payment of attorney fees and costs shall constitute full satisfaction of any claim for attorneys' fees or costs related to the Litigation or this Settlement Agreement, and the Named Plaintiff, Opt-in Plaintiffs and Plaintiff's Counsel, agree that they shall neither seek nor be entitled to any additional attorneys' fees or costs from Defendants or any of the Defendant Releasees under any theory other than for such fees and costs that may be incurred in any action to enforce the Settlement Agreement or for breach thereof.

2.7.2. In the event that the Court approves less than the amounts requested for attorneys' fees and costs, only the awarded amount shall be paid and shall constitute satisfaction of the obligations of this paragraph and full payment hereunder. Any unawarded amount shall be re-distributed to the Named Plaintiff and Opt-in Plaintiffs on a *pro rata* basis.

2.8. *Miscellaneous Provisions*

2.8.1. The Settling Parties (a) agree that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement, including, but not limited to, obtaining the court approval of their Settlement Agreement.

2.8.2. This Settlement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claims or any potential defenses. The Settling Parties agree that the amounts paid in connection with this Settlement and the terms of the Settlement were negotiated in good faith by the Settling Parties,

and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

      2.8.3.    All of the exhibits to this Settlement are material and integral parts hereof and are fully incorporated herein by this reference.

      2.8.4.    This Settlement Agreement constitutes the entire agreement among the Settling Parties hereto regarding the subject matter discussed herein.

      2.8.5.    Each counsel or other person executing this Settlement Agreement or any of its exhibits on behalf of any Settling Party hereto hereby warrants that such person has the full authority to do so.

      2.8.6.    This Settlement may be executed in one or more counterparts and may be signed electronically. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Emailed and faxed executions shall be considered originals.

      2.8.7.    Whenever this Settlement requires or contemplates that a Settling Party or the Court shall or may give notice to another, notice shall be provided by facsimile and/or next-day express delivery service (excluding Sundays and Court holidays) as follows:

(i)    If to Defendants, then to:

    Jason Choe
    CHOE WALKER
    2727 LBJ Fwy., Suite 1020
    Branch, Texas 75234
    Telephone: (214) 675-7296
    Fax: (972) 241-0032

(ii)   If to Named Plaintiff or Opt-In Plaintiffs, then to:

> Scott E. Brady
> BOHRER BRADY, LLC
> 8712 Jefferson Highway, Suite B
> Baton Rouge, Louisiana 70809
> Telephone: (225) 925-5297
> Facsimile: (225) 231-7000
> Email: scott@bohrerbrady.com

2.8.8.   This Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns; but the Settlement Agreement is not designed to and does not create any third-party beneficiaries, either express or implied.

2.8.9.   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlement Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Agreement. Any action to enforce this Settlement Agreement shall be commenced and maintained only in the Court.

2.8.10.   This Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of Texas, and the rights and obligations of the Settling Parties shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of Texas without giving effect to that State's choice of law principles.

2.8.11.   The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Settling Party. No one Settling Party shall be deemed the drafter of this Settlement Agreement. The Settling Parties acknowledge that the terms of this Settlement Agreement are contractual and are

the product of arms-length negotiations between them and their counsel. Each Settling Party and its counsel cooperated in the drafting and preparation of this Settlement Agreement.

2.8.12. This Settlement may not be changed, altered, or modified, except in writing signed by Plaintiff's Counsel and Defendants' Counsel and approved by the Court.

2.8.13. Paragraph titles or captions contained in this Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement, or any provision thereof.

2.9. IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed.

_____
Scott Brady
BOHRER BRADY, LLC
8712 Jefferson Highway
Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

Dated: ____Jan 27____, 2021

*Plaintiff's Counsel*

_____
Representative for Kodako Inc., Kofrisko, LLC and Tobiasko, Inc.

_____
Sangmin Kang

_____
Andre Baker

_____
Jason Choe
CHOE WALKER
2727 LBJ Fwy., Suite 1020
Branch, Texas 75234
Telephone: (214) 675-7296
Fax: (972) 241-0032

Dated: ____Jan. 27____, 2021

*Defendants' Counsel*

____Jan 27 2021____
Date

____Jan 27 2021____
Date

1/29/2021
Date

14 | Page