UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANDRE BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KODAKO INC., TOBIASKO, INC., KOFRISKO, LLC, and SANGMIN KANG<br><br>Defendants. | * * * * * * * * * * * * * Civil Action No.: 4:20-cv-219 |

## DECLARATION OF SCOTT E. BRADY

I, Scott E. Brady, pursuant to 28 U.S.C. § 1746, hereby declare, under penalty of perjury, that the following is true and correct to the best of my personal knowledge, information, and belief:

1. My firm, Bohrer Brady, LLC, represents Named Plaintiff Alberta Norman and the Opt-in Plaintiffs who elected to participate in this matter ("Lawsuit").

2. I am a partner at Bohrer Brady, LLC, as is my partner, Philip Bohrer. The firm litigates collective actions and individual cases for employees for overtime and minimum wage claims. My curriculum vitae is attached hereto as Exhibit "A" and Philip Bohrer's curriculum vitae is attached as Exhibit "B".

3. I have twenty-three (23) years of legal experience and Philip Bohrer has thirty-six (36) years of legal experience.

4. I graduated from Southern University Law Center and have been licensed to practice law in the State of Louisiana since 1998.

EXHIBIT "2"

5. I am a member in good standing of the bars of the following courts: United States Court of Appeals for the Fifth Circuit, United States Court of Appeals for the Sixth Circuit, United States Court of Appeals for the United States Court of Appeals for the Fifth Circuit, United States Court of Appeals for the Sixth Circuit, United States Court of Appeals for the Eleventh Circuit, District of New Mexico, Western District of Arkansas, Eastern District of Arkansas, District of Colorado, Eastern District of Louisiana, Western District of Louisiana, Middle District of Louisiana, Eastern District of Michigan, District of North Dakota, Eastern District of Texas, Southern District of Texas, Northern District of Texas, Western District of Texas, Northern District of Indiana, Western District of Oklahoma, and Western District of Tennessee.

6. Philip Bohrer graduated from Louisiana State University School of Law in 1984 and has been licensed to practice law in the State of Louisiana since that time and Texas since 1995.

7. Philip Bohrer is a member in good standing of the bars the following courts: United States Supreme Court, United States Second Circuit Court of Appeals, United States Fourth Circuit Court of Appeals, United States Court of Appeals for the Fifth Circuit, United States Court of Appeals for the Sixth Circuit, United States Court of Appeals for the Nineth Circuit, District of New Mexico, Western District of Arkansas, Eastern District of Arkansas, District of Colorado, Eastern District of Louisiana, Western District of Louisiana, Middle District of Louisiana, Eastern District of Michigan, District of North Dakota, Southern District of Illinois, Eastern District of Texas, Southern District of Texas, Northern District of Texas, Western District of Texas, Northern District of Indiana, Western District of Oklahoma, and Western District of Tennessee.

8. We are both members of the National Employment Lawyers Association.

9. Since my admission to the practice of law, I have handled or participated in numerous lawsuits involving the non-payment or underpayment of overtime wages and other complex litigation involving both class actions and mass torts.

10. On March 17, 2020, the Named Plaintiff filed this Litigation as a collective action alleging that Defendants, Kodako Inc., Tobiasko, Inc., Kofrisko, LLC, and Sangmin Kang, failed to pay overtime wages to certain workers at the rate of one and one-half times their regular rate of pay for the hours they worked over forty (40) each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219. (Dkt. 1). The Named Plaintiff further alleged the owner, Defendant Sangmin Kang, formed the three companies in order to avoid his obligations under the FLSA.

11. Defendants filed Answers on June 14, 2020 generally denying any and all allegations of wrongdoing or liability. Further, Defendants asserted that the Named Plaintiff, and all individuals the Named Plaintiff purported to represent, were properly and fully compensated for all time worked and, otherwise, denied that the workers were denied overtime compensation. (Dkt. 11-13).

12. Defendants further asserted that they acted in good faith and if a violation existed, it was not willful. (Dkt. 11-134).

13. The Lawsuit was conditionally certified by agreement of counsel, and approved by the Court on September 9, 2020. (Dkt. 21, 23). The collective included bakers, delivery drivers, cooks, cashiers and/or kitchen prep workers.

14. Six (6) workers completed opt-in forms which were filed with the Court. (Dkt. 24-29). The Named Plaintiff and Opt-in Plaintiffs are collectively referred to herein as Plaintiffs.

15. Defendants produced what limited payroll records they retained. Defendants did

not track actual hours worked.

16. Due to the limited records, Plaintiff Counsel calculated the estimated overtime wages owed and liquidated damages based on the statements of Plaintiffs. The hours claimed were vastly more than what the payroll records reflected.

17. Based on the hours stated by Plaintiffs, the Parties negotiated the Settlement which provides significant benefits.

18. My partner and I have vigorously represented Plaintiffs in this action, have conducted a significant investigation and analysis of the claims at issue, and have obtained a thorough familiarity with the factual and legal issues presented in this case.

19. The Parties engaged in an extensive analysis of the alleged non-payment of overtime wages, defenses and damages.

20. The Parties engaged in extensive legal discussions regarding the merits of the claims and possible damages.

21. The Parties engaged in good faith arm's-length settlement discussions and negotiations which included Defendants' good faith defense, willfulness, and potential damages.

22. The terms of the settlement are detailed in the Settlement Agreement attached as Exhibit "1" to the Memorandum in Support of Unopposed Motion to Approve Settlement.

23. The Settlement Agreement provides for full payment of Plaintiffs' unpaid overtime wages for a three (3) year period ($14,309.08), seventy-five percent (50%) of liquidated damages ($7,154.54), attorneys' fees ($13,575.00), and reimbursement of litigation costs ($665.22).

## The Settlement is Fair and Reasonable

24. From my experience litigating this case, and my experience litigating other wage and hour actions, I believe that the proposed Settlement is fair, reasonable, and in the best interests of the Plaintiffs.

25. I also believe that the proposed Settlement is a fair, adequate and reasonable compromise of bona fide and disputed claims.

26. If approved by the Court, the Settlement will cover the Plaintiffs, namely the Named Plaintiff and all Opt-in Plaintiffs who have previously filed a Consent with the Court. The Plaintiffs, and their allocation amounts based on their payroll records, are listed in Exhibit "C" to the Settlement Agreement.

27. The Settlement provides certain and substantial compensation to Plaintiffs for their alleged unpaid overtime wages and liquidated damages which reflects the risk of litigating the overtime, good faith and willfulness issues.

28. This Settlement provides immediate and substantial relief without the attendant risks and delay of continued litigation and appeals.

29. The Parties continue to disagree over the merits of Plaintiffs' overtime claims, the amount of damages, the applicable statute of limitations, and liquidated damages.

30. The proposed settlement provides for the back payment of overtime wages for a period of three (3) years. Defendants continue to assert that they acted in good faith and there was no willful conduct if a violation was found.

31. More importantly, all Plaintiffs have agreed to the settlement, not just the Named Plaintiff.

## The Attorneys' Fees and Costs are Reasonable

32.     Plaintiff Counsel accepted this case on a contingency fee basis without any promise of success or compensation.

33.     The Settlement provides for a total payment of Thirty-Five Thousand Seven Hundred Fifty-Three Dollars and 84/100 ($35,703.84).

34.     Due to Defendants' current financial perils, the Parties have agreed to permit Defendants to make an initial payment of $11,703.84, within thirty (30) days after the Final Judgment and thereafter, four (4) quarterly payments of $6,000.00, totaling $24,000.00. The payments are set forth in the Payment Schedule set forth in Exhibit "C" to the Settlement Agreement.

35.     Plaintiff Counsel has incurred $665.22 in litigation costs. (Exhibit "C" to this Declaration). The litigation costs do not include postage, long-distance calls, or copying.

36.     Plaintiff Counsel's firm expended over fifty-nine (59) hours litigating this case through January 20, 2021. Thus, Plaintiff Counsel's lodestar is $18,902.96 as of January 20, 2021 with billing rates of $450.00 per hour for Philip Bohrer, $400.00 per hour for Scott Brady, $200.00 per hour for Amanda McGowen, and $75.00 per hour for support staff.[1] (Exhibit "D").

37.     Plaintiff Counsel will likely expend more time and expenses administering the Settlement.

38.     The Named Plaintiff, by executing the Settlement Agreement, agrees that the Settlement and the requested fee are fair and reasonable.

---

[1] This amount does not include the continued work on the settlement documents and administration of the settlement.

39. All Plaintiffs have consented to the settlement and the terms thereof.

Thus done this January 20, 2021, at Baton Rouge, Louisiana.

_____
Scott E. Brady
BOHRER BRADY, LLC
8712 Jefferson Highway
Suite B
Baton Rouge, LA 70809
Phone: 225-925-5297
Facsimile: 225-231-7000
phil@bohrerbrady.com